**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PEDRO DELGADO, an individual | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:22-cv-02655 |
| | ) | |
| v. | ) | |
| | ) | |
| LEBANESE MEAT MARKET, an unincorporated | ) | |
| business entity, HASSAN A. FARAJ, an individual, | ) | |
| and MOHAMED A. FARAJ, an individual, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

The Plaintiff, Pedro Delgado, by and through his attorney, Timothy M. Nolan of the

Nolan Law Office, complains against Defendants, Lebanese Meat Market, Hassan A. Faraj and

Mohamed A. Faraj, (collectively, the "Defendants"), as follows:

**NATURE OF THE SUIT**

1.      This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §

201, *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.*, and the

Chicago Minimum Wage and Secure Paid Sick Leave Ordinance ("CMWO"), § 6-105-010 of the

Municipal Code of Chicago, for Defendants' failure to pay Plaintiff overtime compensation for

hours worked over forty (40) in a workweek. Plaintiff is a former butcher at Defendants'

Lebanese Meat Market store.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. §

216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law

and municipal ordinance claims pursuant to 28 U.S.C. § 1367.

1

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

4.      Plaintiff Pedro Delgado ("Delgado") is a former employee of Defendants' Lebanese Meat Market store located at 4657 N. Kedzie Avenue in Chicago, Illinois. Plaintiff Delgado worked as a butcher at Defendants' store from 2013 through May 2, 2022.

5.      During the course of his employment, Plaintiff regularly used and handled goods and materials, including perishable food and food products, tools and equipment, which moved in interstate commerce prior to being used or purchased in Illinois.

6.      Plaintiff resides in and is domiciled in this judicial district.

7.      Defendant, Lebanese Meat Market is an unincorporated business entity located at 4657 N. Kedzie Avenue in Chicago, Illinois and is engaged in processing and selling meat products to customers for consumption off its premises.

8.      Upon information and belief, Defendant Lebanese Meat Market has earned more than $500,000.00 in annual gross revenue during 2019, 2020, 2021 and 2022.

9.      Defendant Lebanese Meat Market was formerly registered in Illinois as a corporation and its officers, registered agent and principal office were located within this judicial district.

10.      Defendants Hassan A. Faraj and Mohamed A. Faraj are owners of the Lebanese Meat Market and serve as the store's managers.

11.      At all times relevant to this action, Defendants Hassan A. Faraj and Mohamed A. Faraj possessed extensive oversight over the Lebanese Meat Market store and its business operations. Defendants Hassan A. Faraj and Mohamed A. Faraj were the ultimate decision-

makers with respect to Defendants' payroll and wage and hour practices; they possessed the authority to hire and fire Defendants' employees; supervised and controlled employee work schedules or conditions of employment; determined rate and method of payment; and maintained employment records.

12.     Defendants Hassan A. Faraj and Mohamed A. Faraj reside in and are domiciled within this District.

**COMMON ALLEGATIONS**

13.     During the period from May, 2019 through June, 2021 and from January, 2022 through May 2, 2022, Plaintiff Delgado was scheduled to work and did regularly work at Defendants' Lebanese Meat Market store six (6) days per week including Monday through Saturday from 9:00 a.m. to 7:00 p.m. and Sunday from 10:00 to 6:00 p.m. During this period, Plaintiff Delagado had a variable day off and typically received a thirty (30) minute lunch break. During the period from approximately July, 2021 through December, 2021, Plaintiff Delgado worked a full seven (7) day per week work schedule.

14.     Based on his schedules, Plaintiff Delgado regularly worked at least fifty-five (55) hours in individual workweeks from May, 2019 through June, 2021 and from January, 2022 through May 2, 2022; and, at least sixty-four and one-half (64.5) hours in individual workweeks from approximately July, 2021 through December, 2021.

15.     During the period from May, 2019 through May 2, 2022, Defendants paid Plaintiff Delgado on an hourly basis at rates ranging from $12.00 to $14.25 per hour.

16.     Defendants did not compensate Plaintiff at one and one-half times his regular hourly rate of pay for hours worked in excess of forty (40) in individual workweeks.

17.     Defendants never paid Plaintiff an overtime premium when he worked more than 40 hours in a workweek.

18.     Defendants paid Plaintiff's overtime compensable hours at his straight-time rate of pay.

19.     In order to conceal their failure to pay overtime compensation, Defendants paid all of Plaintiff's wages with unreported cash and never provided Plaintiff with a wage stub or wage payment record.

20.     In violation of the statutes and implementing regulations of the FLSA, IMWL and CMWO, 29 C.F.R. § 516, 820 ILCS § 105/8, and Ill. Adm. Code 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiff.

<u>**COUNT I**</u>
<u>**Violation of the Fair Labor Standard Act- Overtime Wages**</u>

21.     Plaintiff hereby incorporates paragraphs 1 through 20 as though stated herein.

22.     Throughout his employment with Defendants, Plaintiff was an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

23.     Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207, 213.

24.     Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

25.     Defendant Lebanese Meat Market is an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203 (a)(1), and operated as an enterprise engaged in commerce within the meaning of the FLSA, U.S.C. 29 § 203(s)(1)(a).

26.     Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked more than forty (40) hours, Defendants were obligated to pay him at a rate of one and one-half times his regular hourly rate of pay for all hours worked over forty (40) in a workweek.

27.     Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

28.     Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff's overtime wages was willful and not in good faith. Defendants at all times failed to pay overtime compensation even though Plaintiff was scheduled to work and regularly did work more than forty (40) hours in a workweek. In a further attempt to conceal their overtime violations, Defendants paid for all of Plaintiff's hours including Plaintiff's overtime compensable hours "under the table" in cash. Further, Defendants' cash wage payments to Plaintiff were not reported to federal and state tax and revenue agencies. Additionally, Defendants violated the Act's record keeping regulations.

**WHEREFORE**, the Plaintiff, Pedro Delgado, prays for a judgment against Defendants, Lebanese Meat Market, Hassan A. Faraj and Mohamed A. Faraj, as follows:

A.      Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B.      Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.      Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.      Such other and further relief as this Court deems appropriate and just.

## COUNT II
## Violation of the Illinois Minimum Wage Law – Overtime Wages

29.     Plaintiff hereby incorporates paragraphs 1 through 20 as though stated herein.

30.     Throughout his employment with Defendants, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

31.     Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

32.     Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

33.     Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

34.     Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Pedro Delgado, prays for a judgment against Defendants, Lebanese Meat Market, Hassan A. Faraj and Mohamed A. Faraj, as follows:

A.     Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B.     Statutory damages in the amount of three times the amount of unpaid overtime;

C.     Statutory interest damages in the amount of five percent (5%) per month of the amount of underpayments;

D.     Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

E.     Such other and further relief as this Court deems appropriate and just.

### COUNT III
### Violation of the Chicago Minimum Wage Ordinance – Overtime Wages

35.     Plaintiff hereby incorporates paragraphs 1 through 20 as though stated herein.

36.     Plaintiff was an "employee" under the CMWO § 6-105-010 of the Municipal

Code of Chicago and was not exempt from the overtime wage provisions of the CMWO.

37.     Defendants were each an "employer" as defined in the CMWO § 6-105-010.

38.     Under § 6-105-040, for all weeks during which Plaintiff worked more than forty

(40) hours, he was entitled to be compensated at a rate of one and one-half times his regular

hourly rate of pay.

39.     Defendants' failure and refusal to pay overtime wages for hours worked in excess

of 40 per week was a violation of the maximum hour provisions of the CMWO § 6-105-040.

**WHEREFORE**, the Plaintiff, Pedro Delgado, prays for a judgment against Defendants,

Lebanese Meat Market, Hassan A. Faraj and Mohamed A. Faraj, as follows:

A.     Judgment in the amount of unpaid overtime compensation found due at the rate of
       one and one-half times Plaintiff's regular hourly rate of pay for all hours which
       Plaintiff worked in excess of forty (40) hours per week;

B.     Statutory interest damages in the amount of three times the amount of unpaid
       overtime;

C.     Reasonable attorneys' fees and costs incurred in filing and prosecuting this action;
       and

D.     Such other and further relief as this Court deems appropriate and just.


Dated: May 19, 2022                              Respectfully submitted,

                                                 Pedro Delgado,
                                                 Plaintiff



                                                 /s/ Timothy M. Nolan
                                                 _____
                                                 Attorney for the Plaintiff



7

Timothy M. Nolan (No. 6194416)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tel (312) 322-1100
tnolan@nolanwagelaw.com